(No. 1093—Claimant awarded $2,000.00.)

MARY ELIZABETH WILLIAMS BY WILLIAM TED WILLIAMS, HER NEXT FRIEND, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

RESPONDEAT SUPERIOR—*State not liable.* The State is not liable for the negligence of its employees.

SOCIAL JUSTICE AND EQUITY—*award may be made.* While the State is not liable for the negligence of its employees, yet where the injuries are sustained on account of the negligence of such employee, an award may be made to claimant as an act of social justice and equity.

B. L. KIRK, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case on November 4, 1926, alleges that Mary Elizabeth Williams is a resident of the city of Urbana, Champaign county, Illinois, and that she was a resident of said county on December 14, 1925, and that she was a minor and the daughter of William Ted Williams, who is appearing for her as next friend; that on said date she was proceeding on and along Green street, a public highway in

the city of Urbana, Champaign county, Illinois, upon the side-walk along the south side of said Green street, and that as she was proceeding upon said sidewalk along said street, with all due care and caution for her own safety, and proceeding in an easterly direction, having crossed the intersection of said Green street with Lincoln avenue in said city of Urbana, she was struck by an automobile five-ton truck, owned by the University of Illinois, and driven by A. A. Johns, who then and there was in the employ of the State of Illinois, in the occupation of hauling cinders for said University of Illinois, and that while she was so proceeding across said Lincoln avenue, said A. A. Johns drove said truck of said University of Illinois at a high rate of speed along and upon said Green street at a high and dangerous rate of speed, and did then and there turn his said automobile at such high rate of speed from said Green street, upon which he was then and there driving in an easterly direction, onto said Lincoln avenue, to proceed in a southerly direction, in such a reckless manner that he drove to and upon and collided with said Mary Elizabeth Williams, who had already proceeded across said Lincoln avenue, and struck her as she was stepping on and upon the curbing on the east side of Lincoln avenue, knocking her down to and upon the pavement, and causing severe bruises, frac-tures and lacerations, causing the displacement of two ribs and further derangement of her physical and nervous system, so that she has been from that time hitherto incapacitated for duties in and about her home, and has been caused to expend large amounts of money in obtaining medical attention, and has suffered great physical pains and discomfort, and claim-ant files claim for damages in the amount of $2,000.00.

A demurrer to this declaration was filed by the Attorney General of the State of Illinois, and, as a matter of law, the demurrer is sustained.

Considerable evidence was taken on behalf of the claimant, and from a careful consideration of same it appears that the girl was injured on account of the carelessness of A. A. Johns, a State employee. It is difficult to determine the extent of the injuries, and, inasmuch as she does not come within the pro-visions of the Workmen's Compensation Act, we believe that a fair compensation is all that is asked. While there is no legal liability on the part of the State of Illinois, in equity and good conscience, we award claimant the sum of $2,000.00.